IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE,<br><br>            Petitioner,<br><br>     vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>            Respondent. | No. 2:09-cv–02303-JKS<br><br>ORDER DISMISSING PETITION |

Petitioner Charles G. Reece, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254. Reece is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison Solano. Respondent has answered, and Reece has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

In 1985, following a jury trial in the Los Angeles County Superior Court, Reece was convicted of one count of kidnaping (Cal. Penal Code § 209(b)) and two counts of robbery (Cal. Penal Code § 211). The trial court sentenced Reece to an indeterminate prison term of six years to life. Reece does not challenge his conviction or sentence in these proceedings.

In April 2007 Reece appeared for a parole-suitability hearing before the California Board of Prison Terms ("Board"). The Board, finding Reece unsuitable for parole, denied Reece parole for a period of two years. Reece filed a timely petition for habeas relief in the Los Angeles County Superior Court, which denied his petition in an unpublished, reasoned decision. Reece

then filed a petition for habeas relief in the California Court of Appeal, Second Appellate Division, which summarily denied his petition without opinion or citation to authority. Reece's subsequent petition for habeas relief was also summarily denied without opinion or citation to authority by the California Supreme Court on July 8, 2009. Reece timely filed his Petition for relief in this Court on July 25, 2009.

The Los Angeles County Superior Court found there was sufficient evidence to sustain denial of parole, holding:

> As indicated in *Rosenkrantz, supra,* 29 Cal. 4th 616, 677, it is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole, as long as there is some evidence to support the finding of unsuitability. In this case, the Petitioner's recent serious 115 provides some evidence of his continued unsuitability for parole.[1]

The Los Angeles Superior Court also held:

> However, there does not appear to be some evidence supporting the Board's finding that it would not be reasonable to expect the Petitioner would be suitable for parole for two years. If the Board finds the inmate unsuitable for parole, the next hearing is normally scheduled for the following year. Penal Code § 3041.5(b)(2). In this case, the committing offenses were not especially heinous, atrocious, or cruel, as provided in the applicable regulations. The Petitioner has now served 23 years in prison for a crime in which no victim was physically injured.
> Thus, the decision to postpone the Petitioner's next hearing for two years must be vacated and Petitioner is entitled to a parole consideration hearing pursuant to Penal Code § 3041.5. Accordingly, the petition is denied regarding the Board's finding that the Petitioner is not suitable for parole. However, as it has been more than one year since the Petitioner's last hearing, the Board must schedule the Petitioner's next parole consideration hearing to be conducted no later than 90 days from the date of this order.
> Accordingly, the Petition is denied.[2]

---

[1] Docket No. 6-3, p. 4.

[2] Docket No. 6-3, p. 4.

II.  ISSUES RAISED/DEFENSES

In his petition, Reece contends that the Los Angeles County Superior Court:  (1) erroneously determined that the Board used the serious disciplinary infractions as a basis for the finding of unsuitability for parole; (2) that the serious disciplinary infraction was an insufficient basis upon which to deny him parole; and, (3) the California Supreme Court's summary denial of his petition without an opinion violated his right to due process.  Respondent has asserted no affirmative defense.[3]

III.  DISCUSSION

Even though neither party has raised the issue, because the Los Angeles Superior Court granted Reece partial relief, as a threshold question this court must examine its jurisdiction *sua sponte*.[4]  Federal courts lack jurisdiction to consider moot claims.[5]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[6]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[7]

In this case, this Court "need only decide whether the California judicial decision approving the [Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or 'was based on an unreasonable determination of the

---

[3] *See*, Rules—Section 2254 Cases, Rule 5(b).

[4] *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) (a court always has a duty to examine its own subject-matter jurisdiction).

[5] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[6] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[7] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

facts in light of the evidence.'"[8]  Assuming, without deciding, that the decision of the Los Angeles County Superior Court was contrary to the California "some evidence" rule as set forth in *In re Lawrence*[9] and *In re Shaputis*,[10] does not necessarily require this Court to grant Reece's Petition.[11]  This Court must also consider the appropriate remedy for that violation.  In the case of a denial of parole by the Board, the appropriate remedy is to vacate the decision of the Board and remand for a new hearing consistent with the requirements of due process.[12]  That is, proceedings consistent with the decisions of the California Supreme Court in *Lawrence* and *Shaputis*, as interpreted by the Ninth Circuit in *Hayward*, *Pearson v. Muntz*,[13] and *Pirtle v. California Board of Prison Terms*.[14]

In this case, although it denied Reece's petition, the Los Angeles County Superior Court ordered the Board to hold a new hearing within 90 days.[15]  Thus, the Los Angeles County

---

[8] *Hayward v. Marshall*, 603 F.3d 546, 563 (9th Cir. 2010) (en banc) (footnotes citing 28 U.S.C. § 2254(d) omitted).

[9] 190 P.3d 535 (Cal. 2008).

[10] 190 P.3d 573 (Cal. 2008).

[11] This Court notes that the decisions of the California courts antedated the California Supreme Court decisions in *Lawrence* and *Shaputis*.

[12] *See In re Prather*, 234 P.3d 541, 550-54 (Cal. 2010); *Haggard v. Curry*, --- F.3d ---, 2010 WL 4015006 (9th Cir. October 12, 2010) (citing *Prather*).

[13] 606 F.3d 1206 (9th Cir. 2010) (per curiam).

[14] 611 F.3d 1015 (9th Cir. 2010).

[15] In the absence of evidence to the contrary, this Court assumes that the Board complied with the mandate of the Los Angeles Superior Court.

Superior Court has effectively granted Reece the relief that this Court could grant if it were to rule in favor of Reece on the merits. Therefore, this matter is moot.[16]

IV.  CONCLUSION AND ORDER

This Court cannot grant Reece any further effective relief. Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[17] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[18]

The Clerk of the Court is to enter final judgment accordingly.

Dated:  November 8, 2010.

                                            /s/ James K. Singleton, Jr.
                                            JAMES K. SINGLETON, JR.
                                            United States District Judge

---

[16] Although the issues raised in this case are technically capable of repetition, this Court also assumes that the Board properly applied *Lawrence* and *Shaputis*, or, if the Board did not, upon judicial review of the Board's decision the California courts did, or will.

[17] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[18] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.